UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> LOGAN PROCELL, ) <br>     Defendant ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CRIMINAL NO. 17 *Cr 10337* <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 2422(b) <br> Coercion and Enticement <br> (Count One) <br><br> 18 U.S.C. § 1470 <br> Transfer of Obscene Material to Minors <br> (Count Two) <br><br> 18 U.S.C. §§ 2428 and 1467 <br> (Criminal Forfeiture) |

INDICTMENT

**COUNT ONE:**  18 U.S.C. § 2422(b) – Coercion and Enticement

The Grand Jury charges that:

    Between from in or about March 2017 through and including September 15, 2017, within the District of Massachusetts and elsewhere,

LOGAN PROCELL,

defendant herein, did use a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce Minor A, an individual who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, to wit: Mass. Gen. Laws chapter 265, section 23A and Mass. Gen. Laws chapter 272, section 29A, and attempted to do so.

    All in violation of Title 18, United States Code, Section 2422(b).

**COUNT TWO:** **18 U.S.C. § 1470 – Transfer of Obscene Material to Minors**

The Grand Jury charges that:

Between from in or about March 2017 through and including September 15, 2017, within the District of Massachusetts and elsewhere,

LOGAN PROCELL,

defendant herein, did use any facility and means of interstate and foreign commerce to knowingly transfer obscene matter to Minor A, an individual who had not attained the age of 16 years, knowing that Minor A had not attained the age of 16 years, and attempted to do so.

All in violation of Title 18, United States Code, Section 1470.

## COERCION AND ENTICEMENT FORFEITURE ALLEGATION
## (18 U.S.C. § 2428)

The Grand Jury further finds probable cause to believe that:

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 2422(b), set forth in Count One of this Indictment,

**LOGAN PROCELL,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2428 and 1467, all of his right, title, and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to, items seized by law enforcement on or about September 19, 2017 from the defendant's residence in Noble, Louisiana.

2.  If any of the property described in Paragraph 1 above as being forfeitable pursuant to Title 18, United States Code, Sections 2428, as a result of any act or omission of the defendant –

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 2428(b)(2), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2428.

## TRANSFER OF OBSCENE MATERIAL FORFEITURE ALLEGATION
### (18 U.S.C. § 1467)

The Grand Jury further finds probable cause to believe that:

1. Upon conviction of the offense alleged in Count Two of this Indictment,

**LOGAN PROCELL,**

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 1467, (i) any obscene material produced, transported, mailed, shipped, or received; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used, to commit or to promote the commission of the offense. The property to be forfeited includes, but is not limited to, items seized by law enforcement on or about September 19, 2017 from the defendant's residence in Noble, Louisiana.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to 18 U.S.C. § 1467, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction or the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1467(b), incorporating Title 18, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1467.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Anne Paruti
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS:

Returned into the District Court by the Grand Jurors and filed on October 26, 2017.

_____
DEPUTY CLERK

Harold G. Putnam
10/26/17 @ 12:58 pm