UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | CRIMINAL NO. 17-CR-10337-DJC | |
| LOGAN PROCELL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through and the undersigned Assistant United States Attorneys, respectfully submits this trial brief in anticipation of the trial scheduled to begin on March 4, 2019. As witness preparation and trial planning is ongoing, the government reserves the right to adjust its planned trial presentation.

**I.   BACKGROUND**

On October 27, 2017, a federal grand jury indicted Logan Procell, the defendant, for the attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count One), and for transfer of obscene material to a minor in violation of 18 U.S.C. § 1470 (Count Two). The case is currently set for trial on March 4, 2019.

**II.   SUMMARY OF THE GOVERNMENT'S CASE**

**A.   The Investigation and Federal Charges**

On September 13, 2017, SR[1] discovered sexually explicit text messages between her 11-year-old daughter ("Minor A") and the phone number (318) 581-2222 on her daughter's iPad. She

---

[1] The government refers to Minor A's mother by her initials, given that disclosure of her name would tend to identify Minor A. *See* 18 U.S.C. § 3509(d).

1

reported the messages to the Waltham Police Department.  Using publicly available data and images sent over the course of the text message conversation, law enforcement determined that the phone number belonged to the defendant.

On September 18, 2017, the Waltham Police provided the iPad to the FBI.  The FBI's forensic examination of the iPad revealed that Minor A and the defendant exchanged approximately 1,626 text messages[2] from August 8, 2017 to September 16, 2017.  Included in the text message exchange were sexually explicit messages, including requests by the defendant for videos and images depicting Minor A's breasts and genitals and discussions about him visiting her at her home and them having sexual intercourse.  The message exchange also included the defendant's admission that he was aware of Minor A's age and that his sexual interest in her made him a pedophile.  In the course of his communications with Minor A, the defendant also sent her photographs of his penis and at least one photograph of a female manipulating her genitals.  Based on his communications with Minor A as outlined above, the defendant was indicted by a federal grand jury on October 27, 2017.

**B.    The Louisiana State Charges**

On September 18, 2017, after determining that the defendant resided in Louisiana, the Waltham Police Department contacted the Sabine County Sherriff's Office.  Based on their review of the communications between the defendant and Minor A, Louisiana authorities arrested the defendant on September 19, 2017, charging him with violations of Louisiana Revised Statutes 14:81.3 (Computer Aided Solicitation of a Minor) and 14:81(a)(2) (Indecent Behavior with a Juvenile).[3]  On the same day, they executed a search warrant at the defendant's residence and

---

[2]  A copy of these text messages, in their entirety, will be offered as an Exhibit at trial.

[3]  Because this conduct was charged federally in Massachusetts, the Louisiana state charges were dismissed.  The government does not intend to introduce evidence of the state charges at trial.

2

seized multiple electronic devices.[4] A forensic examination of the Lenovo computer revealed three videos containing sexually explicit images of juveniles. The government has filed a motion *in limine*, described *infra* to admit two of these videos into evidence under Fed. R. Evid. 414 and 404(b). Based on the videos on his computer, the defendant was charged with three counts of possession of child pornography on September 29, 2017. These charges are currently pending in Louisiana.[5]

### III.   ELEMENTS OF THE OFFENSES

The elements of Coercion and Enticement of a Minor, a violation of 18 U.S.C. § 2422(b), are:

**First:** that on or about the date charged, the defendant knowingly attempted to persuade, induce, entice, or coerce another person to engage in sexual activity;

**Second:** that the defendant did so by using a facility or means of interstate or foreign commerce;

**Third:** that the other person at the time was less than eighteen years old; and

**Fourth:** that the sexual activity was a criminal offense.

The elements of Transfer of Obscene Material to Minors, a violation of 18 U.S.C. § 1470, are:

**First:** that defendant knowingly transferred the material as charged to the person listed;

---

[4] A Lenovo computer, two iPhones, and an iPad were seized from the defendant's bedroom on September 19, 2017. Louisiana authorities sent the iPhones to a commercial vendor for the purposes of gaining access to the phones, but the vendor has not been successful in bypassing the encryption native to the devices. The government does not currently have any information about what material may be located on the iPhones, which remain in the possession of the third-party vendor.

[5] Louisiana authorities charged the defendant with these crimes on or about September 29, 2017, at which point he was already in federal custody following his arrest on September 22, 2017. Because the defendant has been in the primary jurisdiction of the federal government since his federal arrest, those charges remain in warrant status and have not yet been resolved.

**Second:** that defendant used a facility or means of interstate or foreign commerce to do so;

**Third:** that defendant knew at the time the general contents, character and nature of the material;

**Fourth:** that the material was obscene; and

**Fifth:** that at the time, the recipient was not yet sixteen years old and defendant knew that she was not yet sixteen years old.

Pursuant to the Court's pretrial scheduling order (Doc. 82), the government will file proposed jury instructions on or before February 21, 2019, which will include more detailed explanation of the elements, supported by legal citation.

## IV. THE EVIDENCE

The government expects to provide its witness and exhibit lists and copies of its proposed trial exhibits to defense counsel on or before February 18, 2019. Pursuant to the Court's scheduling order (Doc. 82), the government will then confer with defense counsel to compile a single list of agreed-upon exhibits, for submission in the format directed by the Court on or before February 21, 2019.

### A. Witnesses

As ordered by the Court, the government will file its witness list by February 21, 2019. The government anticipates calling the following witnesses: (1) Minor A; (2) SR, Minor A's mother; (3) FBI Agent Eric Slaton, (4) Louisiana State Police Sergeant Jay Donaldson; and, if the parties cannot agree on stipulations: (4) Waltham Police Officers Jim Auld and Lori Manning FBI to establish the chain of custody of Minor A's iPad and (5) FBI Agent Clayton Phelps and Louisiana Technical Support Officer John Parker to authenticate evidence extracted from Minor A's iPad and from the defendant's personal computer, respectively.

B.   **Exhibits**

The government hereby provides notice to the defendant and the Court that it intends to authenticate business records pursuant to Fed. R. Evid. 902(11) by a written declaration of qualified persons, and also intends to authenticate the material extracted from digital devices by way of affidavits of qualified persons pursuant to Fed. R. Evid. 902(13). Pursuant to the Court's scheduling order (Doc. 82), the parties will file a consolidated list of agreed-upon and contested exhibits by February 21, 2019.  The government expects that its proffered exhibits will include the messages exchanged between the defendant and Minor A, including photographs, and examples of child pornography found on the defendant's computer.

C.   **Procedure Surrounding Sensitive Images and Child Pornography**

Assuming the government's motion *in limine* to admit evidence pursuant to Fed. R. Evid. 414/404(b) is allowed (discussed *infra*), the government plans to introduce images of child pornography as exhibits.  Additionally, the government plans to introduce other sensitive images, including images of Minor A's breasts, and female and male genitalia.[6]  Mindful of Minor A's right to privacy and dignity as conferred by 18 U.S.C. § 3771, and in consideration of the defendant's privacy, the government proposes that the sensitive exhibits that <u>do not depict child pornography</u> be displayed only on the screens visible to the parties, the Court and clerk, and the jury, and not on the screens facing the courtroom gallery, and that the exhibits that <u>depict child pornography</u> be displayed only to the Court and the jury.[7]  The government will ensure that the

---

[6]   The government believes that images the defendant sent to Minor A depict *his* penis.  The government is not aware of the identity of the female whose genitalia was visible in an image he sent to Minor A.

[7]   Because the parties' screens may be visible to the gallery, child pornography should not be displayed thereon.  The government will ensure that the defendant has the opportunity to view the exhibits prior to their admission in court.

5

child pornography will not be included on the standard JERS exhibits disk, but will instead provide the jurors with a designated laptop computer[8] for their deliberations, which can be used to review the exhibits, if needed.

### D. Proposed Stipulations

The parties are in the process of discussing stipulations in advance of the February 21, 2019 filing deadline for exhibits.  The government anticipates proposing stipulations regarding the authentication of certain pieces of evidence, including (1) Verizon records (subscriber information), (2) Yahoo! records (subscriber information), and (3) the authenticity of data extracted from Minor A's iPad and the defendant's computer.  The government also anticipates proposing a stipulation for the chain of custody for Minor A's iPad and the defendant's Lenovo computer.

## V. MOTIONS IN LIMINE

The government has filed four motions *in limine* on this date in accordance with the scheduling order set by the Court.  A brief description of each motion is below.

### A. Motion in Limine to Admit Evidence Pursuant to 414/404b

During its case-in-chief, the government anticipates offering evidence of the defendant's possession of child pornography pursuant to Fed. R. Evid. 414 and 404(b).  Specifically, the government will seek to admit evidence of two files that were located on his computer in the course of a search conducted by Louisiana authorities.

### B. Motion in Limine to Adjust Standard Courtroom Seating Arrangements

---

[8] The government will review the freestanding laptop in collaboration with counsel for the defendant prior to jury deliberations to ensure that the computer does not contain any other documents or material and is not capable of joining any wireless network.

The government requests that the Court adjust its standard Courtroom seating arrangements to permit Minor A to testify from the witness stand adjacent to the Judge's bench instead of from the witness stand located approximately five feet from the defense table. The government's proposal is reasonable and will not infringe upon the defendant's Sixth Amendment right to confrontation.

### C.  Motion in Limine to Preclude Evidence or Argument Concerning Potential Penalties Defendant Will Face if Convicted

The government seeks to preclude the defendant from presenting any evidence regarding the penalties he faces if convicted of the offenses charged in the indictment. In support thereof, the government states that such argument would serve only to invite jury nullification, and as such, it is improper.

### D.  Motion in Limine to Bar Evidence Regarding Sexual History of Victim and to Exclude Evidence Offered to Prove the Victim's Sexual Predisposition

The government seeks an order precluding defense counsel from seeking to reference or raise evidence regarding the sexual behavior of Minor A, and to exclude evidence offered to prove Minor A's sexual predisposition.

## VI.  VOIR DIRE

The government will file its request for voir dire on or before the February 21, 2019 deadline set by the Court. Given the nature of the crimes charged in the indictment, the government anticipates requesting that the Court conduct individual voir dire regarding the venire's personal experiences with sexual abuse or exploitation. Sexual abuse or exploitation is a topic that members of the venire likely will not be comfortable speaking about in open court, and individual voir dire will ensure full and truthful disclosures while respecting the privacy and dignity of each member of the venire.

VII.  **LENGTH OF TRIAL**

Based on a trial schedule of 9 a.m. to 1 p.m., the government expects its case-in-chief to last no longer than three days.

                                              Respectfully submitted,

                                              ANDREW E. LELLING
                                              United States Attorney

Dated: February 14, 2019          By:    */s/ Anne Paruti*
                                                     Anne Paruti
                                                     Mackenzie Queenin
                                                     Assistant United States Attorneys
                                                   One Courthouse Way, Suite 9200
                                                   Boston, MA 02210
                                                   (617) 748-3100

## CERTIFICATE OF SERVICE

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: February 14, 2019                                                   */s/ Anne Paruti*
                                                                            Assistant United States Attorney