UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                        |
|--------------------------|---|------------------------|
| UNITED STATES OF AMERICA | ) |                        |
|                          | ) |                        |
| v.                       | ) | CRIM. NO. 17-CR-10337  |
|                          | ) |                        |
| LOGAN PROCELL            | ) |                        |

## **DEFENDANT'S MOTION FOR EVIDENTIARY HEARING REGARDING RESTITUTION**

The defendant, Logan Procell, moves that this Court hold an evidentiary hearing concerning the outstanding matter of restitution in this case. As grounds, the defendant states the following:

**Argument**

### I. The Defendant is Not Subject to the Provisions of the Mandatory Restitution for Victims Act Because His Was Not a Crime of Violence

On June 21, 2019, the defendant was sentenced after having previously pled guilty to one count of enticing a minor and one count of transferring obscene material to a minor. The Court sentenced him to a term of incarceration of 135 months, and set July 25, 2019 for a hearing to discuss restitution in this case. The procedures for mandatory restitution are laid out at 18 U.S.C. § 3663A ("MVRA"), and apply to crimes of violence, and other enumerated crimes which do not apply to the case at bar (e.g., violations of the Controlled Substances Act, tampering with consumer products, or theft of medical products). Crimes of violence are defined at 18 U.S.C. 16(a) and (b), however (a) does

1

not apply because physical force is not an element of enticing a minor or transferring obscene material.

Section 16(b) defines a crime of violence as any "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In determining whether a conviction qualifies as a crime of violence, courts take the "categorical approach" looking at whether "the elements and the nature of the offense of conviction" qualify, by their nature, as a crime of violence. *United States v. Fish*, 758 F.3d 1, 5 (1st Cir. 2014).

The offense of enticing a minor laid out in Section 2422(b) criminalizes using or attempting to use means of interstate commerce to knowingly "persuade[], induce[], entice[], or coerce[]" a minor to engage in "any sexual activity." Persuasion (to move by argument), inducement (to move by persuasion or influence), enticement (to attract artfully by arousing hope or desire), and coercion (to compel to an act or choice), are all activities that by their nature, do not include an element of force.[1] These verbs are more rhetorically than physically forceful in nature, and therefore, enticing a minor cannot constitute a crime of violence, and the MVRA does not apply.

> II. **The Defendant Requests an Evidentiary Hearing to Determine Whether An Alternative Harm Proximately Caused Minor A's Need for Psychological Services**

The Government is requesting approximately $57,260 in restitution, $53,760 (or 93%) of which is accounted for by seven years of therapy that Minor A's clinician

---

[1] All definitions obtained from Merriam-Webster.

2

recommends, at a rate of $175 per hour. On July 22, 2019, undersigned counsel spoke with AUSA Anne Paruti, and asked about representations Minor A made to the defendant alleging that her older brother had raped and assaulted her several times, on an almost weekly basis. AUSA Paruti responded that these allegations sounded familiar but that there was no evidence that this incestuous sexual assault actually occurred. In an e-mail sent to counsel later this same day, AUSA Paruti noted that Minor A did indeed state that her brother raped her.

There is no allegation that the defendant ever committed a contact offense, and reasonable parties would have to admit that the psychological harm inflicted from a contact offense by a family member is far greater than a non-contact offense based solely on text messages exchanged between more than a thousand miles apart. *See also Sex Offender Registry Board Regulations* at 803 CMR 1.33 (19) (setting forth that "sexual assault involving penetration has been shown to cause increased psychological harm to the victim . . . [and] poses an increased degree of dangerousness."). Therefore, where so much of the request is based on psychological services, the defendant seeks an evidentiary hearing where Minor A, her mother, and her therapist, can all be questioned as to the extent of this intra-familial assault, in order to clearly determine how much of her therapeutic time is spent devoted to behavior not caused or created by the defendant. Put another way, only those harms proximately caused by the defendant's criminal behavior are eligible for inclusion in a restitution order, and a hearing is necessary in order to determine whether another, greater harm, is the actual proximate cause for Minor A's therapy. *See* 18 U.S.C. § 3663A(a)(2).

### III. The Defendant is Not Required to Pay for Minor A's Mother's Lost Income

The Government also seeks $1,819.00 for 17 hours of Minor A's mother's lost income (an hourly rate of $107 per hour or $214,000 annually), although they acknowledge she was never "docked" any pay. Although the statute does allow lost income for victims, it defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense" and allows restitution for income lost "by such victim as result of such offense." 18 U.S.C. § 3663A(b)(2)C). "The use of the definite article indicates that 'the victim' who may be reimbursed is the victim described at the beginning of the subsection – that is the victim who suffered bodily injury." *United States v. Wilcox*, 487 F.3d 1163, 1176 (8th Cir. 2007).

Another section of the restitution statute allows a legal guardian to "assume the victim's rights under this section" where the victim is a minor. However, this provision "simply provides that the court may order the defendant to pay to the legal guardian, rather than the victim herself, the restitution owed *to the victim*. This section does not allow the legal guardian to substitute her own losses for those of the victim." *Id.* at 1178 (emphasis in original). Therefore, the Court should not order any amount of restitution be paid to Minor A's mother for her income loss.

### IV. The $5,000 Special Assessment Does Not Apply Because the Defendant is Indigent

The Court directed the parties to address whether the $5,000 special assessment applies to this case. It does not. 18 U.S.C. § 3014 mandates that the Court "shall assess an

amount of $5,000 on any non-indigent person" convicted of certain offenses. As the probation department found in its pre-sentence investigation, the defendant has more debts (student loans) than assets, and therefore does not qualify as a "non-indigent person." The plain language of the statute prevents its application here.

Further, the collateral consequences of this type of conviction are far-reaching and will impact the defendant's future earning capacity. Although he is educated, and has some work history, that history is in teaching, a profession from which he will certainly be barred. With this type of conviction, the defendant will be lucky to find any type of employment, let alone employment that would make him non-indigent. Under the view of his current and future finances, the defendant is indigent, and the special assessment does not apply.

WHEREFORE, the defendant moves that restitution under the MVRA does not apply, or in the alternative that an evidentiary hearing be held to determine how much of the loss was proximately caused by the defendant, and that certain costs (mother's lost income and the special assessment) not be imposed.

LOGAN PROCELL
By his attorneys,
CARNEY & ASSOCIATES

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Reyna M. Ramirez*
Reyna M. Ramirez

B.B.O. # 698630

20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
JCarney@CARNEYdefense.com

July 22, 2019

Certificate of Service

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIM. NO. 17-CR-10337 |
| LOGAN PROCELL | ) ) ) | |

# AFFIDAVIT SUPPORTING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING REGARDING RESTITUTION

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

Dated: July 22, 2019