```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


    ---------------------------------

    UNITED STATES OF AMERICA,

                       Plaintiff,           Criminal Action
                                            No. 17-10337-DJC
    v.
                                            June 21, 2019
    LOGAN PROCELL,

                       Defendant.

    ---------------------------------



              TRANSCRIPT OF STATEMENT OF REASONS

            BY THE HONORABLE DENISE J. CASPER

                UNITED STATES DISTRICT COURT

              JOHN J. MOAKLEY U.S. COURTHOUSE

                      1 COURTHOUSE WAY

                     BOSTON, MA   02210
```

DEBRA M. JOYCE, RMR, CRR, FCRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA   02210
joycedebra@gmail.com

```
 1                  *  *  *  *  *  *  *  *  *  *
 2            THE COURT:  Counsel, I appreciate the advocacy on
 3       either side, from experienced counsel on either side.  I
 4       wouldn't expect anything less, but I do think I've had the
 5       benefit of the very best advocacy on either side, and I think
 6       both parties here have been well represented.  That certainly
 7       doesn't make my job this afternoon any easier, but I do
 8       appreciate the arguments that are made on either side.
 9            Mr. Procell, to determine what a reasonable sentence
10       would be here, I need to consider and weigh all of the factors
11       under Title 18, United States Code, 3553(a).  Some of those
12       factors have been referenced today by counsel.  Those include
13       the advisory guideline sentencing range, the nature and
14       circumstances of the crimes that you committed here, your
15       personal history and background, and the need for any sentence
16       I impose to reflect the seriousness of your offenses, promote
17       respect for the law, not just by you but by others as well, and
18       provide just punishment and adequate deterrence and avoid
19       unwarranted sentencing disparities.  I've considered all of the
20       factors under 3553(a) and I do want to make mention of a few.
21            First, certainly I have considered the crimes that you
22       committed here, both Count One and Count Two, the coercion and
23       enticement of a minor, and transfer of obscene material, the
24       second charge really being in furtherance of the first.
25            This is a crime and crimes with a discernible victim,
```

```
 1   Minor A, and you heard from Minor A's mother this afternoon.
 2   Real harm was done by your actions, harms that continue to have
 3   impact on her young life, and I imagine as well her family and
 4   extended family as well.  So this is certainly not a victimless
 5   crime, and I've considered the nature of those crimes here.
 6           I've considered the span of time during which they
 7   were committed.  I had the text messages before me for a period
 8   of over a month.  I understand they may have begun before that,
 9   but I've considered that as well.
10           I've also considered, Mr. Procell, your personal
11   history, and certainly Mr. Carney has given me a fair amount of
12   information about that personal history to fill in the
13   extensive information that I'd already received from Probation.
14           I believe you're 25 now.  You committed this crime
15   when you were 23.  You were born and raised in a two-parent
16   family home in Shreveport, Louisiana.  You're the fourth among
17   eighth siblings.  Your mother was an assistant principal.  Your
18   father, who passed away about a year and a half ago, if I'm
19   recalling, owned a small construction business.
20           You were born and raised and lived at home, although
21   you went away to college to Louisiana University.  I think you
22   also boarded away for some portion of your high school in a
23   high school for exceptionally gifted students, and I think
24   there's no dispute that you have great intellectual gifts.
25           You've returned home after college, and that's where
```

```
 1   you were living, if I recall correctly, at the time of this
 2   offense.
 3           You're single, and you had no significant
 4   relationships until recently, as Mr. Carney noted in your memo
 5   and as has been made reference here.
 6           You've had no significant physical medical issues, but
 7   I've certainly considered the extensive record that's before me
 8   from Dr. Joshi and also from Mr. Keating, the Licensed Social
 9   Worker, who did evaluations of you recently and provided me a
10   fair amount of information about your neuropsychological
11   profile, including a diagnosis of high functioning autism
12   spectrum disorder, mood disregulation, and anxiety for which
13   you had not been diagnosed until recently and for which I
14   believe you've only begun to get some treatment and attention.
15           I note that you were employed as a high school teacher
16   in 2017 during the period in which you committed the crimes
17   here.  I've considered that as well.
18           And I've considered, also, the upshot of the
19   evaluations that were done of you in regards to your
20   deficiencies and social-emotional competency, and, frankly,
21   your social isolation leading you to the internet.  This does
22   not by any means excuse the horrible, hurtful conduct that you
23   engaged in with Minor A, but, as Mr. Carney says, it provides
24   me some context for understanding your personal background and
25   also the likelihood of recidivism if you receive the treatment
```

```
 1  that you need.
 2            Third, I've considered the advisory guideline
 3  sentencing range of 210 to 262 months.  Counsel on both sides,
 4  who are both experienced attorneys, both at least in a prior
 5  life for Mr. Carney and a prior life for Ms. Paruti, both state
 6  court prosecutors, is certainly a steep sentence, as is the
 7  minimum mandatory of 120 months.
 8            As you may understand, Mr. Procell, the advisory
 9  guideline sentencing range is that, advisory, it's one of the
10  factors I must consider, and I certainly have.
11            Certainly the guideline range is in that range because
12  of the seriousness of your offense and because of the nature of
13  the harms that these crimes affect on discernible victims.  I
14  agree with counsel on both sides that the minimum mandatory
15  sentence alone of ten years is a steep sentence, particularly
16  for a first-time offender, particularly in regards to a
17  non-contact offense, that is not to minimize the psychological
18  harm that can be done as we know and we've seen through
19  internet contact, but it's certainly one of the factors that
20  I've considered.
21            For all of these reasons, I don't think a sentence
22  even at the low end of the advisory guideline sentencing range
23  is a just and appropriate sentence here.  That having been
24  said, I don't think 120 months is appropriate.  I don't think
25  that the 120 months accounts for the age of this victim or the
```

1  continuous contact even through the internet, although the
2  sentence I'm going to impose is closer to the minimum mandatory
3  sentence than it is to the advisory guideline sentence.
4      I've also considered, I should say, Mr. Procell, not
5  just all of the information before me, but your criminal
6  history record, as well as the collateral consequences here,
7  and the sentence that I'm going to impose in whole, which
8  includes a substantial period of supervised release in which I
9  agree with Mr. Carney, given the nature of these offenses, your
10 behavior and conduct and employment will be restricted in some
11 significant ways.
12     For all of those reasons, I'm going to impose a
13 sentence of 135 months of imprisonment, five years of
14 supervised release, no fine.  I will impose the $100 special
15 assessment and will also impose what I understand to be a
16 $5,000 mandatory assessment.  I find that those are appropriate
17 here given the nature of the charge.
18     Mr. Carney, did you want to be heard?
19     MR. CARNEY:  Yes.  As Probation pointed out, the
20 $5,000 assessment is appropriate for all non-indigent
21 defendants.
22     My client is completely indigent now and will be for
23 the foreseeable future.  So just as the Court would mitigate
24 payment of costs --
25     THE COURT:  Or the fine.

```
 1              MR. CARNEY:  Correct.  -- based on indigency, although
 2   I do agree the restitution is mandatory and survives even the
 3   period of supervised release.
 4              THE COURT:  Right.  And, Mr. Carney, I -- you're
 5   reminding me also that you were appointed in this matter.
 6              MR. CARNEY:  No.
 7              THE COURT:  Okay.
 8              MR. CARNEY:  I was retained by his mom.
 9              THE COURT:  Okay.
10              MS. PARUTI:  I think there's case law about the
11   determination of indigency as it relates to this particular
12   assessment, so perhaps it would be appropriate for the parties
13   to brief that leading up to the restitution hearing.
14              THE COURT:  Right.  So I guess, counsel, Mr. Carney,
15   do you have any objection given that we have to pick another
16   date for restitution for me to hear you on that particular
17   issue?
18              MR. CARNEY:  None whatsoever.  Thank you, your Honor.
19              THE COURT:  Okay.  That is, if there is a restitution
20   order, I would have to amend the judgment anyway, so I will
21   hold off on that.
22              So let me just say the sentence I impose today will be
23   the period of imprisonment, the period of supervised release,
24   no fine, and the mandatory $100 special assessment.
25              I will reserve, with the parties' consent, on the
```

```
 1   $5,000 assessment and the restitution that we're going to pick
 2   a different date for.
 3           MS. PARUTI:  And I think the $100 special assessment
 4   is for each count.
 5           THE COURT:  For $200, yes.
 6           I note that this is the sentence that I find
 7   appropriate and reasonable and sufficient, but not greater than
 8   necessary, to effectuate all of the goals of sentencing that I
 9   referenced before.
10                  *  *  *  *  *  *  *  *  *  *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```