# United States Court of Appeals
# For the First Circuit

No. 19-1924

UNITED STATES OF AMERICA,

Appellee,

v.

LOGAN PROCELL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Lynch, Lipez, and Thompson,
Circuit Judges.

Elizabeth A. Billowitz on brief for appellant.

Andrew E. Lelling, United States Attorney, and Anne Paruti, Assistant United States Attorney, on brief for appellee.

April 12, 2022

**LIPEZ**, **Circuit Judge**.  Logan Procell, a former Louisiana high school teacher, pleaded guilty to crimes arising from his sexually explicit virtual contact with an eleven-year-old in Massachusetts and was sentenced to a term of 135 months' imprisonment.  Procell appeals his sentence on three grounds, arguing that the district court erred by (1) improperly applying a two-level sentence enhancement for use of a computer; (2) improperly applying a $5,000 mandatory assessment; and (3) sentencing him to a term in excess of the statutory maximum on one of the counts.  We affirm.

**I.**

**A. Factual Background**[1]

While working as a high school teacher in Louisiana, Procell saw a video posted by an eleven-year-old Massachusetts girl ("Minor A") who was using an internet application that allows users to stream live videos of themselves.  Procell then became Minor A's "friend" through another application that allows users to share self-destructing text, photo, and video content.  He eventually made direct contact with Minor A via text messaging.  In September 2017, Minor A's mother alerted law enforcement upon

---

[1] "Because this appeal follows a guilty plea, we draw the relevant facts from the change-of-plea colloquy, the presentence investigation report, and the transcript of the disposition hearing." United States v. Jiminez, 498 F.3d 82, 84 (1st Cir. 2007).

- 2 -

discovering sexually explicit textual and visual content in text messages stored on Minor A's tablet, all part of an exchange of messages with a phone number that local and federal law enforcement agents determined to be Procell's.

Law enforcement authorities ultimately discovered a cache of over 1,600 text messages exchanged between Procell and Minor A over a five-week period. These messages included, inter alia, Procell's requests that Minor A send him nude pictures of herself, explicit pictures of his own body, and logistical discussions of how he might be able to visit her when her mother would not be present so that they could engage in sexual activity. In the course of his communication with Minor A, Procell acknowledged the illegality of his conduct, stating that he was "taking advantage" of Minor A and that his sexual interest in her "makes [him] a pedophile," and instructing Minor A not to tell anyone about the explicit pictures exchanged between them or he would "get in SERIOUS trouble."

**B. Procedural Background**

Procell was charged in a two-count indictment with coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count One), and transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470 (Count Two). He pleaded guilty to both counts. In the Presentence Investigation Report ("PSR") prepared by the Probation Office, Procell was assigned a base

- 3 -

offense level of 28. The PSR then applied three sentencing enhancements. First, pursuant to U.S.S.G. § 2G1.3(b)(2)(B), two points were added to Procell's offense level because he had unduly influenced Minor A to engage in prohibited sexual contact. Second, two points were added because his conduct involved the use of a computer to "persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(3)(A). Third, eight points were added because Minor A was under the age of twelve at the time of the offense. See U.S.S.G. § 2G1.3(b)(5). After applying a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, the PSR calculated a Total Offense Level ("TOL") of 37. As Procell had no criminal history, the resulting advisory guideline sentencing range ("GSR") was 210 to 262 months' imprisonment, with a mandatory minimum of 120 months' incarceration on Count One, pursuant to 18 U.S.C. § 2422(b). Neither party objected to the PSR's calculation, either in writing or at the subsequent sentencing hearing. In advance of sentencing, the government recommended a sentence at the low end of the guideline range, and Procell asked to be sentenced to the mandatory minimum term of imprisonment.

At the sentencing hearing, the district court imposed a term of 135 months' imprisonment on Count One -- specifying that such sentence was above the mandatory minimum but below the

guideline range -- and a term of 120 months on Count Two, the statutory maximum, see 18 U.S.C. § 1470, with the two terms to be served concurrently. The court also sentenced Procell to concurrent terms of five and three years' supervised release, respectively, on each count. Upon submission of further briefing by the parties and two additional hearings, the district court imposed restitution in the amount of $55,439.58. The court also imposed a $5,000 special assessment, finding that the assessment was mandatory under 18 U.S.C. § 3014 because Procell, with his future earning potential, was not indigent. Although Procell objected to the special assessment, he did not otherwise object to the sentence imposed.

**II.**

On appeal, Procell challenges three aspects of his sentence. First, he asserts that the two-point enhancement for the use of a computer was improperly applied and that, accordingly, his TOL should have been 35 rather than 37 -- which would have resulted in a lower GSR. Second, he contends that the district court incorrectly assessed his future earning potential and thus improperly imposed the $5,000 mandatory assessment. Third, he argues that his sentence on Count Two was actually in excess of the statutory maximum.

These claims target the procedural reasonableness of Procell's sentence. See United States v. Martin, 520 F.3d 87, 92

- 5 -

(1st Cir. 2008) (noting that procedural sentencing errors include improperly calculating the Guidelines range and "selecting a sentence based on clearly erroneous facts" (quoting Gall v. United States, 522 U.S. 38, 51 (2007))). Review for procedural reasonableness "is multi-faceted. Within it, we review factual findings for clear error, arguments that the sentencing court erred in interpreting or applying the guidelines de novo, and judgment calls for abuse of discretion[.]" United States v. Leahy, 668 F.3d 18, 21 (1st Cir. 2012) (citations omitted).

However, if the appellant failed to raise a claim of sentencing error in the district court, we review that issue for plain error. See United States v. Arsenault, 833 F.3d 24, 28 (1st Cir. 2016). To demonstrate plain error, the appellant must show that (1) the district court erred, (2) the error was clear or obvious,[2] (3) the error affected the substantial rights of the defendant, and (4) the error "seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

---

[2] As we have previously noted, courts sometimes phrase this step in the disjunctive ("clear or obvious") and sometimes phrase it in the conjunctive ("clear and obvious"). See, e.g., United States v. Mulero-Vargas, 24 F.4th 754, 757 n.1 (1st Cir. 2022). There is "no practical difference" in the meaning. Id.

- 6 -

### A. Enhancement for Use of a Computer

Procell argues for the first time on appeal that the district court erroneously applied the two-level sentencing enhancement for use of a computer pursuant to U.S.S.G. § 2G1.3(b)(3)(A). We therefore review this claim for plain error.

Guidelines section 2G1.3(b)(3)(A) states that a two-level enhancement should be applied to the offense level for specified sexual offenses if

> the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct[.]

The PSR applied this enhancement based on Procell's communications via computer with Minor A, including sending her images of his own genitalia "in an effort to coerce Minor A to send a similar photograph."

Procell, however, reads the guideline to apply only when the defendant's computer use is connected to travel of the minor. In other words, he maintains that all of the specified computer uses -- i.e., to "persuade, induce, entice, coerce, or facilitate" -- refer solely to influencing or assisting the minor to "travel . . . to engage in prohibited sexual conduct." He thus argues that, because there was no finding that he used a computer to influence or assist Minor A to travel, the enhancement should not have been applied to him.

- 7 -

Although we have not previously construed U.S.S.G. § 2G1.3(b)(3)(A), we readily conclude that Procell's interpretation is untenable. In asserting that the phrase "the travel of" should be viewed as the object of the verbs "persuade, induce, entice, coerce, or facilitate," Procell ignores the comma that separates the phrase "facilitate the travel of" from the latter part of the sentence referring to the minor and "prohibited sexual conduct." Rather than setting forth a series of separate activities all related to the minor's potential travel -- i.e., persuading, inducing, enticing, coercing, and facilitating that travel -- the guideline, through placement of the comma following "or facilitate the travel of," plainly includes "facilitat[ing] . . . travel" as one of five alternative means by which the use of a computer to engage a minor in prohibited sexual contact will trigger the enhancement. As the Second Circuit has observed, "[t]he comma after 'of' makes clear that 'the travel of' is not the object of all of the preceding verbs." United States v. Watkins, 667 F.3d 254, 262 (2d Cir. 2012).

The meaning derived from the provision's punctuation is reinforced by its semantics. As the Watkins court observed, "it is linguistically awkward (at best) to refer to 'the use of a computer . . . to . . . persuade . . . the travel of [a] minor to engage in prohibited sexual conduct.' A person does not 'persuade' travel." Id. The language does flow properly, however, if it is

- 8 -

read to apply the enhancement when a defendant uses a computer to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct, or uses a computer to facilitate the travel of a minor for that purpose.

Furthermore, we note that the underlying statute, 18 U.S.C. § 2422, has two subsections, both of which contain the persuade/induce/entice/coerce language that is found in the guideline provision. Subsection (b) -- the basis for Procell's conviction -- targets the use of the mail or other "means of interstate or foreign commerce" to "persuade[], induce[], entice[], or coerce[]" unlawful sexual activity,[3] while subsection (a) targets "persuad[ing], induc[ing], entic[ing], or coerc[ing]" an individual to travel for the purpose of unlawful sexual activity.[4] It is thus unsurprising that § 2G1.3(b)(3)(A) -- which

---

[3] Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

[4] Section § 2422(a) provides:

- 9 -

applies to § 2422 in its entirety -- includes facilitating travel by means of a computer among the triggering activities. By contrast, we can imagine no reason why the Sentencing Commission would have limited the enhancement to computer-based behaviors involving only the facilitation of travel, a result at odds with the breadth of the underlying statute's two subsections. For that additional reason, Procell's narrow interpretation of the enhancement is unsound.

Procell offers several other arguments that we find without merit. The only one that warrants our response centers on a related guideline provision, U.S.S.G. § 2G2.1(b)(6)(B),[5] which

---

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a).

[5] In full, the child pornography guideline provides:

> If, for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved (A) the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage [in] sexually explicit conduct; or (B) the use of a computer or an

- 10 -

enhances the sentences of those who sexually exploit minors through the production of explicit material. Procell notes that this provision repeats the list of activities contained in § 2G1.3(b)(3) but adds text pertaining to solicitation. He asserts that an interpretation of "persuade induce, entice, coerce, or facilitate the travel of" other than the one he advances would render the additional language in U.S.S.G. § 2G2.1(b)(6)(B) superfluous. We disagree that the addition of the "catch-all" solicitation phrase in § 2G2.1(b)(6)(B) reinforces Procell's construction of § 2G1.3(b)(3)(A). The added text -- "or to otherwise solicit participation by a minor in such conduct" -- simply ensures that any form of solicitation not specified by the terms that precede it is covered in the context of child pornography. The inclusion of that text in § 2G2.1(b)(6)(B) does not change the natural reading of the guideline applicable to Procell's offense.

In sum, neither the plain language of U.S.S.G. § 2G1.3(b)(3)(A) nor the text of any related Guidelines provision

---

interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct, increase by 2 levels.

U.S.S.G. § 2G2.1(b)(6).

- 11 -

supports Procell's argument that his preferred interpretation "fits more rationally in the overall framework of the Government's interests in sentencing for sex crimes" than a straightforward, grammatical reading of the provision. Thus, the district court did not err -- let alone commit plain error -- by imposing the two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(3)(A).

**B. Special Assessment**

District courts are required by statute to "assess an amount of $5,000 on any non-indigent person" convicted of various enumerated offenses related to human trafficking and sexual exploitation, including coercion and enticement. 18 U.S.C. § 3014. Pursuant to that provision, the district court ordered Procell to pay the mandatory special assessment after finding that he was not indigent, a finding that Procell now challenges on appeal. As Procell objected to the assessment below, we review the indigency finding for clear error. See Leahy, 668 F.3d at 21. "Clear error is present where 'we are left with the definite and firm conviction that a mistake has been committed.'" United States v. Austin, 991 F.3d 51, 57 (1st Cir. 2021) (quoting United States v. Graf, 784 F.3d 1, 6 (1st Cir. 2015)).

In finding that Procell is a "non-indigent person" within the meaning of § 3014, the district court looked at "both Mr. Procell's present ability to pay [the special assessment] as well as his future earning potential." The statute does not

- 12 -

specify how sentencing courts are to assess indigence in this context, and we have not provided guidance on that issue. We note, however, that the district court's focus on future earning potential has been endorsed by other circuits. See, e.g., United States v. Graves, 908 F.3d 137, 142-43 (5th Cir. 2017); United States v. Kelley, 861 F.3d 790, 802 (8th Cir. 2017).

In explaining its determination, the district court observed that Procell has a bachelor of arts degree in engineering; was previously employed as a high school science teacher with an annual salary of $59,000; had work history prior to teaching; has a supportive family willing to house him upon his release from prison; and, at age 25 when sentenced, has years of earning potential following his incarceration. The court acknowledged defense counsel's argument that Procell will not be able to work as a teacher in the future but concluded that, upon consideration of all of the facts, Procell is "non-indigent" for the purposes of 18 U.S.C. § 3014.

Procell contends that the district court over-relied on his possession of a bachelor's degree in engineering, a field in which he has never held a job. He further asserts that the court gave insufficient consideration to his educational debt, which will accrue during his incarceration; his newly diagnosed autism and anxiety spectrum disorders; and the various future impediments

to gainful employment that he may encounter once released from prison as a federal sex offender.

Even accepting Procell's argument that his future inability to work as a teacher and other financial liabilities may impact his capacity to pay the assessment, we cannot say that the district court clearly erred in finding, on the present record, that his education level and family support, among other factors, indicate sufficient future earning potential to render him non-indigent. Where "the facts plausibly support competing inferences, as here, a sentencing court cannot clearly err in choosing one." United States v. Olivero, 552 F.3d 34, 39-40 (1st Cir. 2009). We thus discern no clear error in the district court's decision to impose upon Procell the $5,000 special assessment.

**C. Sentence Length**

Finally, Procell argues that the district court actually sentenced him in excess of the 120-month statutory maximum on Count Two, despite the court's indication that it was sentencing him to the statutory maximum on that count. At the sentencing hearing, the district court stated that the 135-month term it imposed consisted of "135 months on Count One and a term of 120 months on Count Two to be served concurrently." In its written judgment, the court reiterated the 135-month period of incarceration, but it did not specify the separate sentences for each count. Based on that silence, Procell concludes that the district court improperly

- 14 -

"sentenced [him] to 135 months' imprisonment on each charge." Thus, he asserts, the case must be remanded for resentencing on Count Two to a term of "120 months or less."

There is no error here that requires resentencing. To the extent that there is a discrepancy between a court's oral sentencing pronouncement and its written judgment, "'appellate courts have tended to honor the former at the expense of the latter.'" United States v. Morales-Negrón, 974 F.3d 63, 68 (1st Cir. 2020) (quoting United States v. Muniz, 49 F.3d 36, 42 n.5 (1st Cir. 1995)). Here, the court's oral pronouncement of the sentence on Count Two -- the statutory maximum of 120 months -- was unambiguous and lawful. Moreover, heeding the district court's oral pronouncement is especially appropriate here because the written judgment arguably does not vary at all -- let alone materially -- from the court's oral statement. It simply fails to specify that the lower sentence on Count Two is subsumed within the total 135-month term of imprisonment.

As Procell has failed to demonstrate error in the sentence he received on Count Two, we necessarily reject his request that we remand the case for re-sentencing. However, we think it appropriate for the written judgment to be clarified so that it aligns with the oral sentencing pronouncement. We thus affirm the sentence imposed and remand only so the district court

can revise the written judgment to specify the term of imprisonment for Count Two.

<u>So ordered.</u>

- 16 -